UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA            :
                                    :
      Plaintiff,                    :
                                    :       06-cr-991(JSR)
      -v-                           :
                                    :       MEMORANDUM ORDER
JOEL AUSTIN                         :
                                    :
      Defendant.                    :
------------------------------------x

JED S. RAKOFF, U.S.D.J.

Defendant Joel Austin moves for reconsideration of the Court's February 21 order, ECF No. 53, remanding the defendant pending adjudication of the merits of his habeas petition. The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." Salveson v. JP Morgan Chase & Co., 663 Fed. App'x 71, 75 (2d Cir. 2016) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

Here, the defendant argues that the Court, in its February 21 order, quoted a civil case, Fort Knox Music Inc. v. Baptiste, 257 F.3d 108, 110 (2d Cir. 2001) for the legal principle that "[a] vacated judgment has no effect," whereas here we are concerned with a criminal judgment. But the point is irrelevant, because the quoted principle is equally applicable to civil and criminal judgments. Indeed, the defendant cites no authorities

1

to the contrary, apart from the previously-raised case of United States v. Malki, 718 F.3d 178, 182 (2d Cir. 2013), which stands for the general point that ambiguity in an appellate court's mandate should be construed by the trial court in a criminal defendant's favor. But for the same reasons as articulated in its previous order, the Court does not regard the Second Circuit's mandate here as ambiguous, and in any case, this argument does not present "controlling decisions or data that the court overlooked." Salveson, 663 Fed. App'x at 75.

The defendant's other argument is that Fed. R. Crim. P. 32(i)(4)(A) entitles him to a hearing and the right of allocution before his earlier sentence is reinstated. Though some courts have apparently held such a proceeding, this Court knows of no controlling authorities that provide that Fed. R. Crim P. 32(i) applies in this unusual context. See Salveson, 663 Fed. App'x at 75.

The motion for reconsideration is accordingly denied, and the Clerk of the Court is directed to close the defendant's motion at ECF No. 56.

Nevertheless, the circumstances created by the coronavirus outbreak and the resulting strain on the Bureau of Prison's resources leads the Court to conclude that the previously-set surrender deadline of April 30 is no longer appropriate. Accordingly, the defendant's deadline to voluntarily surrender

2

to the custody of the Bureau of Prisons is hereby extended to June 30, 2020 at 2 PM.

Additionally, after reviewing the merits of the defendant's petition under 28 U.S.C. § 2255, the Court believes that it would benefit from oral argument, particularly on recent developments in the case law interpreting <u>Rehaif v. United States</u>, 139 S. Ct. 2191 (2019). The parties are therefore directed to appear for oral argument at 11 AM on Friday, May 15.[1] The Court will thus endeavor to decide the petition prior to June 30, 2020.

SO ORDERED

Dated:  New York, NY
        April 7, 2020

_____
United States District Judge

---

[1] If circumstances at the time still so require, this argument will be telephonic. The Court will notify the parties at least one week in advance whether it intends to hold this argument in person or over the telephone.